IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| BILLY E. PARKER, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:17CV882 |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of Social | ) |
| Security, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

The Recommendation of the United States Magistrate Judge was filed with the Court in accordance with 28 U.S.C. § 636(b) and, on February 15, 2019, was served on the parties in this action. (ECF Nos. 13, 14.) Plaintiff and Defendant each filed Objections to the Magistrate Judge's Recommendation, (ECF Nos. 16, 17), as well as responses to the Objections, (ECF Nos. 18, 19). The Court has appropriately reviewed the Magistrate Judge's Recommendation and has made a *de novo* determination in accord with the Magistrate Judge's Recommendation.[1] The Court therefore adopts the Magistrate Judge's Recommendation.

---

[1] In the Recommendation, the Magistrate Judge noted that "Plaintiff did not provide any citations (much less attach any materials) to support his assertion that, '[a]ccording to the [Bureau of Labor Statistics ('BLS'), for] almost [two-thirds] of both the fast food workers and cafeteria attendants[,] crouching, i.e.[,] squatting, is required[ a]nd it is required for almost one-third of the inspectors and hand packagers.'" (ECF No. 13 at 12-13.) Although Petitioner attached a copy of the missing BLS materials to his Objections, (see ECF No. 17 at 2; see also ECF Nos. 17-1, 17-2, 17-3), those materials do not cure the remaining two defects in Plaintiff's argument as found in the Recommendation, i.e., that the BLS does "not constitute [a] recognized vocational source[] under the Commissioner's regulations", (ECF No. 13 at 13), and that "the same materials on which Plaintiff relied to demonstrate that all three jobs cited by the [vocational expert] and adopted by the [Administrative Law Judge] required reaching, reflect that none of those jobs require any crouching" (id. (internal citations omitted)). Thus, the BLS materials do not ultimately undermine the proposed conclusions in the Recommendation.

IT IS THEREFORE ORDERED that the Commissioner's decision finding no disability is **VACATED**, that Plaintiff's Motion for a Judgment Reversing or Modifying the Decision of the Commissioner of Social Security, or Remanding the Cause for a Rehearing, (ECF No. 9), is **GRANTED IN PART** (i.e., to the extent it requests remand), that the Commissioner's Motion for Judgment on the Pleadings, (ECF No. 11), is **DENIED**, and that this action is **REMANDED** for further administrative proceedings.

A Judgment remanding this matter will be entered contemporaneously with this Order.

This, the 18th day of March 2019.

/s/ Loretta C. Biggs
United States District Judge